■ DAVID SHEINBERG, Appellant, v MIRIAM SHEINBERG, Respondent.—In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Kings County (Rigler, J.), entered September 26, 1986, which granted the defendant's motion for a change of venue from Orange County to Kings County.

Ordered that the order is reversed, as a matter of discretion, with costs, and the defendant's motion is denied.

The court improvidently exercised its discretion in granting the defendant's motion for a change of venue from Orange County to Kings County. Although the defendant argued that venue was improperly laid in Orange County since the plaintiff allegedly lacked a "bona fide" intent to reside there, the only document submitted in support of the motion was an attorney's affirmation in which it was conclusorily recounted that the plaintiff moved to Orange County to live with his son after living in Brooklyn for 14 years *(see, CPLR 503 [a])*. The foregoing assertion in no sense establishes that the plaintiff was not a resident of Orange County at the time the suit was commenced in April 1986.

Further, in opposition to the motion, the plaintiff submitted, *inter alia,* his own affidavit in which he asserted—without reply by the defendant—that he had been living and receiving his mail in Orange County since March 1984, that he had been a registered voter in Orange County since December 1984, that his tax returns list an Orange County address; and that he received health care benefits from, and belonged to, a senior citizens group in Orange County. Moreover, annexed to

his affidavit were a voter registration card and tax return indicating that the plaintiff resided in Orange County. In light of the foregoing, we conclude that the Supreme Court erred in granting the defendant's motion to change venue from Orange County to Kings County. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.